**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  05-cr-00342-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SHAWN SHIELDS,
2. VERNON W. TEMPLEMAN,
3. CARL W. PURSLEY, JR., and
4. WENDEL R. WARDELL, JR.

    Defendants.
_____

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING USE OF STUN BELTS DURING TRIAL**
_____

**Blackburn, J.**

    In preparation for the trial of this matter, I authorized the use, *inter alia*, of stun belts to restrain the four defendants in this matter.  I am required to state, outside the presence of the jury, the reasons justifying such security measures.  ***See U.S. v. Joseph***, 333 F.3d 587, 591 (5th Cir. 2003).  To that end, I make the following findings of fact and conclusions of law.

    Although, "a defendant is entitled to the minimum restraints necessary and to the least obvious ones, as well, to minimize the likelihood of prejudice to the jury," I have broad discretion to determine what measures are necessary to maintain the security of my courtroom.  ***U.S. v. Brooks***, 125 F.3d 484, 502 (7th Cir. 1997).  That discretion is guided by the need to balance issues of courtroom security against the defendants'

right to a fair trial. **See Holbrook v. Flynn**, 475 U.S. 560, 572, 106 S.Ct. 1340, 1347-48, 89 L.Ed.2d 525 (1986).

In this case, the use of stun belts represents a reasonable compromise between these two values. The nature of the crimes with which the defendants are charged in this case, as well as their histories and characters as known to me, make the use of enhanced security measures necessary and prudent. The devices are concealed on the defendants' persons so that they are largely inconspicuous.[1] The use of the devices correspondingly reduces the number of security personnel necessary to be present in the courtroom during the trial and eliminates the need for handcuffs and shackles. Such personnel and physical restraints are inherently more conspicuous and thus more prejudicial to defendants that the use of stun belts. Moreover, because the defendants' status as incarcerated prisoners will be known to the jury, any prejudice to the defendants resulting from the wearing of stun belts is greatly extenuated.

Therefore, considering the totality of the circumstances, I find that the use of stun belts should be authorized in connection with the trial of this case.

Dated December 5, 2005, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[1] Although Pursley argued that his belt was conspicuous, a larger jacket served to cure the problem.