## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Criminal Action No. 05-cr-00342-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SHAWN C. SHIELDS
    a/k/a "Shorty",
2. VERNON W. TEMPLEMAN,
3. CARL W. PURSLEY, JR., and
4. WENDEL R, WENDELL, JR.,

    Defendants.

## ORDER GRANTING GOVERNMENT'S SECOND
## MOTION TO QUASH SUBPOENAS

**Blackburn, J.**

The matter before me is the **Government's Second Motion to Quash Subpoenas** [#332], filed and heard December 7, 2005.[1] I grant the motion and quash the subpoenas.

The motion implicates subpoenas and subpoenas *duces tecum* ostensibly served on various individuals by defendant Pursley in the week prior to the trial of this case. The issuance of subpoenas in a criminal case is governed by Rule 17 of the Federal Rules of Criminal Procedure. Pursley has complied with none of the

---

[1] I find that good cause exists to file this motion ostensibly out of time based on the fact that the subpoenas were issued just last week and the government's representation that defendants did not confirm their intent to enforce the subpoenas until December 6, 2005. Furthermore, I did not intend my **Trial Preparation Conference Order** [#58] entered September 7, 2005, to apply to subpoenas implicating Fed. R. Crim. P. 17.

requirements of the rule.  First, although proceeding as an indigent, pro se defendant, he inexplicably and inexcusably did not make *ex parte* application to the court for issuance of the subpoenas, but rather appears to have served the witnesses directly. *See* F ED.R.CIV.P. 17(b).  Nor has Pursley shown, as further required by Rule 17(b), that the presence of these witnesses is necessary for an adequate defense.  *Id*.; *see also United States v. Hernandez-Urista*, 9 F.3d 82, 84 (10th Cir. 1993).  For these reasons, I find that compliance with the subpoenas would be unreasonable and oppressive and that they therefore should be quashed.

**THEREFORE, IT IS ORDERED** as follows:

1. That the Government's Second Motion to Quash Subpoenas [#332], filed December 7, 2005, is **GRANTED**; and

2. That the subpoenas and subpoenas *duces tecum* served on the individuals identified in the government's motion are **QUASHED**.

Dated December 7, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge